■ UTILITIES & INDUSTRIES CORP., Appellant, v. LIZZA INDUSTRIES, INC., Respondent.— Appeal by plaintiff from so much of an order of the Supreme Court, Nassau County, entered November 15, 1972, as (1) granted (in its first ordering paragraph) the branch of defendant's motion which was to dismiss the second, third and fifth causes of action for failure to state a cause of action and (2) denied plaintiff's cross motion for summary judgment on the second and fifth causes of action. Order modified by (1) striking from the first ordering paragraph the word "second", (2) adding to said paragraph a provision denying defendant's motion to dismiss as to the second cause of action and (3) changing the second ordering paragraph to read that the first, second and fourth causes of action are severed from the third and fifth causes of action. As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements to appellant. Plaintiff, a utility company, installed water mains and services in various areas of Nassau County. Defendant subsequently contracted with the county to install sewer lines underneath the streets in the area known as Merrick. The second cause of action is to recover damages for breach of this contract. The contract incorporated the 1967 Standard Specifications for Construction of Sanitary Sewers, which provides in part (§ 5, subd. [c]) : "The Contractor shall protect in a suitable manner all utilities encountered and shall repair any damage to structures, utilities and facilities caused by his operations. If the nature of the damage is such as to endanger the satisfactory functioning of the utilities and the necessary repairs are not immediately made by the Contractor, the work may be done by the respective owning companies and the cost thereof charged against the Contractor." Article 6 of the contract ("Protection") states that "this Article shall not be deemed to create any new right of action in favor of third parties against the Contractor". In our opinion, an ambiguity exists as to whether the parties intended to confer rights upon third parties. The complaint, however, sufficiently pleads a valid cause of action and any ambiguity should be resolved at the trial. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ GIRLEY YORK, as Administratrix of the Estate of EDDIE YORK, Deceased, et al., Appellants, v. CITY OF NEW YORK, Respondent.—Judgment of the Supreme Court, Kings County, entered July 26, 1966, affirmed, without costs. No opinion. Appeal from order of the same court, entered September 30, 1966, dismissed, without costs. No appeal lies from an order denying a motion, made solely on the trial minutes, to set aside a jury verdict. In any event, no contentions were advanced with respect to the appeal from the order which were not made and considered on the appeal from the judgment. Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.